UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUGLAS MIRANDA,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 14-cv-05742 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 9, 10, 11).

After considering and reviewing the record, the Court concludes that the ALJ erred in giving limited weight to a portion of treating physician Dr. Jos Cové's opinion because the ALJ incorrectly determined that Dr. Cové's opinion was based on plaintiff's

self-reports. This conclusion is not based on substantial evidence in the record because his opinion was also based on diagnostic imaging, including MRIs and x-rays, clinical findings and observations, and his own medical knowledge. Had the ALJ credited fully Dr. Cové's opinion, the residual functional capacity would have included additional limitations, and thus the error is not harmless.

## BACKGROUND

Plaintiff, DOUGLAS MIRANDA, was born in 1958 and was 49 years old on the alleged date of disability onset of December 31, 2007 (*see* AR. 263-69, 270-76). Plaintiff attended private schools and has a 12th grade aptitude (AR. 45). In addition, plaintiff has attended some college and successfully completed the Tacoma Community College home inspection continual education program (*id.*). Plaintiff has work experience as a union carpenter and iron worker (AR. 335- 40). Plaintiff was injured on the job when he was hit in the head by a 280 pound steel girder (AR. 49, 58). After leaving carpentry, plaintiff was self-employed for about three months checking on seniors who lived alone, but plaintiff stopped working after he was involved in a car accident (*see* AR. 546).

According to the ALJ, plaintiff has at least the severe impairments of "trauma to head resulting in status post cervical C5-6 discectomy and fusion with multi-level cervical degenerative changes; hypertension. After the date last insured the claimant had the following additional impairments: adjustment disorder; depressive disorder; rule out adjustment and personality disorders (20 CFR 404.1520(c) and 416.920(c))" (AR. 17-18).

At the time of the hearing, plaintiff was living alone (AR. 46).

//

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 121-40, 143-64). Plaintiff's requested hearings were held before Administrative Law Judge David Johnson ("the ALJ") on June 1, 2012 (*see* AR. 33-83) and December 18, 2012 (*see* AR. 84-118). On January 24, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 12-32).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the Commissioner err by failing to properly evaluate opinion evidence; (2) Did the Commissioner err by failing to find that plaintiff met or equaled Listing 1.04; (3) Did the Commissioner err by failing to properly determine plaintiff's severe impairments; and (4) Did the Commissioner err in determining plaintiff's residual functional capacity (*see* Dkt. 9, p. 2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)   Did the Commissioner err by failing to properly evaluate opinion evidence?**

Plaintiff first presents arguments regarding the ALJ's rejection of a portion of treating physician Dr. Jos Cové's opinion (*see* Opening Brief, Dkt. 9, pp. 4-8). Specifically, plaintiff contends that Dr. Cové's findings were not based largely on self-reports, and thus the ALJ erred when he discredited Dr. Cové's opinion for this reason (*id.*).

Dr. Cové submitted a declaration on June 6, 2012 (AR. 539-42). Dr. Cové opined that plaintiff would not have the capacity to stand or walk for at least six hours per day during an eight-hour workday (AR. 541). Additionally, Dr. Cové opined that plaintiff could only occasionally use his upper extremities to reach above his head and straight forward (AR. 541-42).

The ALJ found that

> Dr. Cove opined the claimant could would (sic) be unable to stand or walk six hours in an eight-hour workday. Ex. 13F/3. He opined the claimant could occasionally use his upper extremities for overhead reaching. Ex. 13F/4. Dr. Cove last examined the claimant in April of 2009. Although his opinion regarding the claimant's ability to reach is based on his examination of the claimant's particular injury, his assessment of the claimant's ability to stand and walk appears to be primarily based on the claimant's subjective complaints, rather than physical examination. Indeed, Dr. Cove's examination revealed the claimant had a good range of motion in his shoulders and fair range of motion in his neck. Ex.10F/5. As such, Dr. Cove's opinion regarding the claimants (sic) limitations for reaching is given significant

            weight, but his opinion regarding the claimant's ability to stand or walk is given only limited weight.

(AR. 25).

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

In support of his opinion, Dr. Cové explained that every time plaintiff stands and/or walks plaintiff is placing a ten to fifteen pound weight (his head) on his diseased cervical discs (*id.*). Dr. Cové stated that placing "that amount of weight on [plaintiff's] diseased cervical spine, [] will cause pain because of the inflammation and degeneration

of the spine" (*id.*). As a result of multiple levels of degeneration, plaintiff's joint surfaces are no longer smooth and he has friction between the joints (*id.*). Dr. Cové explained that due to this friction plaintiff "would have increased pain when he has to support his head with just his neck muscles and spine as he has to do when he stands and/or walks for prolonged periods" (*id.*).

Dr. Cové performed a successful cervical fusion on plaintiff (*see* AR. 540). In his declaration, Dr. Cové stated that the most significant findings causing plaintiff's pain now are the degenerative changes in plaintiff's neck (AR. 541). Dr. Cové referenced plaintiff's MRI results that show plaintiff has a diffuse disc bulge and facet arthritis at C6-7, disc protrusion with mild forminal narrowing at C4-5, a fusion at C5-6, and degenerative changes at C3-4 (AR. 469-70, 541). Plaintiff also has some left side foraminal narrowing at the C7-T1 level (AR. 468, 470).

Dr. Cové's treatment notes from 2003 to 2005 show that diagnostic imaging confirmed marked degenerative changes in plaintiff's spine (*see* AR. 393, 395-97, 403). At that time, Dr. Cové noted that plaintiff's degenerative changes were playing a role in his symptoms (*see* AR. 395, 397). A spinal x-ray taken in 2009 showed a solid fusion and degenerative changes at C6-7 and C4-5, but the changes were not dramatically different from x-rays taken four of five years prior (AR. 472). Dr. Cové reported that plaintiff had good range of motion in his shoulders, fair range of motion of his cervical spine, a normal motor and sensory exam of his upper extremities, and plaintiff's grip strength was good (AR. 472). Plaintiff's Spurling test was negative (AR. 468, 472). While Dr. Cové did not

recommend further surgical intervention, he encouraged plaintiff to seek medical pain management (AR. 468).

Based on a review of the relevant record, the Court concludes that Dr. Cové's opinion of plaintiff's limitations was not largely based on plaintiff's self-reported symptoms. Rather, Dr. Cové based his opinion on diagnostic imaging, including MRIs and x-rays, clinical findings and observations, and his own medical knowledge. Thus, the ALJ's finding that this portion of Dr. Cové's opinion was based largely on plaintiff's self-reported symptoms is not supported by substantial evidence.

Defendant argues that the ALJ also discredited Dr. Cové's opinion because the opinion was inconsistent with Dr. Cové's 2009 examination findings (*see* Response Brief, Dkt. 10, p. 5-6). The ALJ states that Dr. Cové's examination revealed that plaintiff had good range of motion in his shoulders and fair range of motion in his neck (AR. 25). However, it does not appear that the ALJ is discrediting Dr. Cové's opinion because it was not supported by his medical records. Rather, the ALJ references the examination findings to support his decision that Dr. Cové's opinion is based on plaintiff's subjective complaints (*see* AR. 25).

Nevertheless, if the ALJ is attempting to discredit Dr. Cové because Dr. Cové's examination is inconsistent with his opinion, this reason fails. It is error for the ALJ to selectively focus on evidence that tends to suggest a plaintiff is not disabled. *See Edlund*, 253 F.3d at 1159; *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (it is error for the ALJ to ignore or misstate competent evidence in order to justify a conclusion). The ALJ failed to discuss the above outlined findings from Dr. Cové's examinations and

failed to discuss the objective medical evidence supporting plaintiff's degenerative disc disease. Had the ALJ intended to reject Dr. Cové's opinion because it was inconsistent with his examination notes, the ALJ erred by improperly selecting only one piece of evidence to support his conclusion.

Based on the above stated reasons and a review of the relevant record, the Court concludes that the ALJ's decision to give little weight to Dr. Cové's opinion that plaintiff is limited in his ability to stand or walk is not specific and legitimate and supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (when an examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record").

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial

rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

In the residual functional capacity ("RFC") assessment, the ALJ found, in relevant part, that plaintiff can perform light work, which includes performing work that involves standing or walking, on and off, for six hours in an eight hour day (AR. 19-20). *See* 20 C.F.R. § 404.1567(b); Social Security Ruling 83-10, 1983 WL 31251 1983 *5-6, 1983 SSR LEXIS 30. Had the ALJ credited fully Dr. Cové's opinion, the RFC would have included additional limitations regarding plaintiff's ability to stand or walk. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical, the error affected the ultimate disability determination and was not harmless.

Although plaintiff argues in a conclusory manner that this matter should be remanded with a direction to award benefits (*see* Opening Brief, Dkt. 9, p. 12), the Court concludes that such would be inappropriate because it is unclear that the ALJ would be required to find plaintiff disabled if the improperly discredited evidence was credited as true. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008).

**(2)    Did the Commissioner err by failing to find that plaintiff met or equaled Listing 1.04?**

Plaintiff alleges that the ALJ also erred by failing to state why plaintiff did not meet or equal Listing 1.04 (*see* Plaintiff's Opening Brief, Dkt. 9, pp.8-9). In his opinion, the ALJ states that he considered Listing 1.04 in evaluating plaintiff's degenerative disc

disease (AR. 18). The ALJ outlined the requirements necessary to meet Listing 1.04, but failed to discuss any medical evidence or findings regarding whether or not plaintiff met this listing (*id.*). As the Court already has determined that this matter must be reversed and remanded for further consideration, *see supra*, section 1, the ALJ is instructed to re-evaluate the medical evidence and properly explain his findings regarding whether or not plaintiff meets a listed impairment.

### (3) Did the Commissioner err in determining plaintiff's residual functional capacity?

Plaintiff also argues that the ALJ erred in his determination of plaintiff's RFC (*see* Opening Brief, Dkt. 9, pp. 10-11). As the ALJ improperly assessed Dr. Cové's opinion, the Court concluded that the ALJ erred in the RFC assessment. *See supra* section 1. Accordingly, on remand the ALJ must assess plaintiff's RFC anew.

### CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 3rd day of March, 2015.

J. Richard Creatura
United States Magistrate Judge